ORIGINAL

FLORENCE T. NAKAKUNI        #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.      #3740
Chief, Fraud & Financial Crimes Section

KENNETH M. SORENSON
Assistant U.S. Attorney

MARK W. PLETCHER
Special Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone:     (808) 541-2850
Facsimile:     (808) 541-2958
Email: mark.pletcher@usdoj.gov
        ken.sorenson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 20 2015

at 4 o'clock and 50 min P vov M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. **CR15 00327 LEK** |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | |
| vs. | ) | Count 1: |
| | ) | 18 U.S.C. § 371 |
| | ) | Count 2: |
| | ) | 18 U.S.C. § 201(b)(2)(B),(C) |
| MARVIN LEON WARE, | ) | Count 3: |
| | ) | 18 U.S.C. § 1956(a)(2)(B)(i) |
| | ) | Count 4: |
| Defendant. | ) | 18 U.S.C. § 641 |
| | ) | |

**INDICTMENT**

<u>COUNT 1</u>

Count 1 - Conspiracy (18 U.S.C. § 371)

The grand jury charges:

<u>INTRODUCTORY ALLEGATIONS</u>

1.    From at least in or about December 2011 until at least in or about March 2012 (the "relevant period"), the United States Department of Defense ("DOD") operated Forward Operating Base ("FOB") Fenty, near Jalalabad, Afghanistan.  During the relevant period, defendant, a Sergeant First Class ("SFC") in the United States Army, was deployed to FOB Fenty with the 25th Infantry Division, 325th Brigade Support Battalion ("BSB"), Alpha Company, Schofield Barracks, Hawaii.  While deployed, defendant served as the Truck Master, and was responsible for, among other things, overseeing the transport of JP8 jet fuel from FOB Fenty to other military bases in the geographic vicinity.  As a Sergeant First Class in the United States Army, defendant was a public official within the meaning of 18 U.S.C. § 201(a).

2.    During the relevant period, Specialist Larry Emmons, charged elsewhere, a direct subordinate to SFC WARE, was a Petroleum Supply Specialist in the 325th BSB, who had responsibility for loading and transporting fuel, including JP8 jet fuel, to other military bases. Sergeant Regionald Dixon, charged elsewhere, served as a Petroleum Operator, who was responsible for, among other things, fueling military aircraft, primarily helicopters, using tanker trucks known as Heavy Equipment Mobility Tactical Trucks ("HEMTTs").  SGT Dixon was

2

not a direct subordinate to Ware, although SGT Dixon's
commanding officer had offered SGT Dixon's assistance, as SFC
WARE required it, in the loading and transporting of fuel.

3.    During the relevant period, FOB Fenty served as a
regional fuel depot, in which capacity it supplied other,
outlying forward operating bases and contingency operating bases
with JP8 jet fuel.  Fuel deliveries were made using a local
Afghan contractor, transporting the fuel in 3,000 gallon tanker
trucks, termed "jingle trucks," for their colorful lights and
bright adornments.

4.    Paragraphs 1-3 are hereby re-alleged and incorporated
by reference as though set forth in full in Count One.

5.    From in or about December 2011 through at least
February 2012, outside the jurisdiction of any particular
district, defendant Sergeant First Class MARVIN WARE, a public
official, SGT Regionald Dixon, SPC Larry Emmons, and others (1)
knowingly and unlawfully combined, conspired, and agreed to
commit bribery; that is, SFC WARE, SGT Dixon, SPC Emmons, and
others, knowingly agreed that, in return for SFC WARE, SGT
Dixon, SPC Emmons being influenced to commit and aid in
committing, and to collude in, and to allow any fraud on the
United States; and being induced to do and omit to do something
in violation of their official duties, SFC WARE, SGT Dixon, SPC
Emmons would directly and indirectly, corruptly demand, seek,
receive, accept, and agree to receive and accept money; and (2)
the co-conspirators took overt acts in furtherance of this

conspiracy, in violation of Title 18, United States Code, Sections 201(b)(2)(B) and (C).

**OBJECT OF THE CONSPIRACY**

6.    It was the object of the conspiracy for SFC WARE, SGT Dixon, SPC Emmons, in conjunction with employees of the Afghan trucking contractor, to steal JP8 jet fuel from FOB Fenty, in return for which SFC WARE, SGT Dixon, SPC Emmons received approximately $6,000 for each 3,000 gallon jingle truck of fuel stolen from FOB Fenty.

**METHODS AND MEANS OF THE CONSPIRACY**

7.    In furtherance of this conspiracy, and to accomplish its objects, the following methods and means were used, among others:

a.    SFC WARE, SGT Dixon, SPC Emmons would surreptitiously fill jingle trucks with JP8 jet fuel, using United States military-owned 5,000 gallon tanker trucks ("5Ks") or HEMTTs.

b.    SFC WARE, SGT Dixon, SPC Emmons would take steps to conceal their activities, including filling the jingle trucks in clandestine locations and at times least likely to arouse suspicion.

c.    SFC WARE and SPC Emmons would create fraudulent Transportation Movement Requests ("TMRs"), military documents that authorized the movement of fuel from FOB Fenty to other locations.

d.    Once SFC WARE, SGT Dixon, SPC Emmons had filled a jingle truck with stolen fuel, SFC WARE and SPC Emmons would

4

give a fraudulent TMR to the driver of the jingle truck, who presented it at the departure checkpoint to justify his departure from FOB Fenty.

    e.   In return for facilitating the theft of fuel from FOB Fenty, employees of the Afghan trucking contractor paid SFC WARE, SGT Dixon, SPC Emmons $6,000 per jingle truck of stolen fuel.

**OVERT ACTS**

    8.   In furtherance of the conspiracy and to effect its objects, the following overt acts, among others, were committed:

    a.   In or about late December 2011, SFC WARE in conjunction with the local Afghan trucking contractor devised a scheme to steal JP8 jet fuel from FOB Fenty using jingle trucks.

    b.   In or about early January 2012, SFC WARE recruited SGT Dixon to participate in the scheme to steal fuel from FOB Fenty.

    c.   In or about early January 2012, SFC WARE and SGT Dixon filled jingle trucks in the Integration Yard at FOB Fenty, from the 5K tankers, which SFC WARE and SGT Dixon had previously filled with JP8 from the fuel point at FOB Fenty.

    d.   In or about early January 2012, SFC WARE delivered to SGT Dixon his first payment of $2,000 for his role in the scheme to steal fuel from FOB Fenty.

    e.   On or about January 19, 2012, SFC WARE recruited SPC Emmons to participate in the scheme to steal fuel from FOB Fenty, at which time, SFC WARE told SPC Emmons that he and SGT

5

Dixon had each already made between $30,000 and $40,000 from the scheme.

f.    On or about January 22, 2012, at the Integration Yard, SPC Emmons, with assistance from SFC WARE, filled his first two jingle trucks with stolen JP8 jet fuel.

g.    In or about early February 2012, SFC WARE, SGT Dixon and SPC Emmons began using the HEMTTs, instead of the 5K tankers, to fill jingle trucks with stolen JP8 jet fuel.

h.    In or about early February 2012, SFC WARE, SGT Dixon and SPC Emmons began using the SLIC Yard, rather than the Integration Yard, to fill jingle trucks with stolen JP8 jet fuel.

i.    On or about February 16, 2012, using HEMTTs uploaded at the fuel point, SFC WARE, SGT Dixon, and SPC Emmons caused to be filled three jingle trucks staged at the SLIC Yard.

j.    On or about February 17, 2012, employees of the Afghan trucking contractor attempted to drive the three jingle trucks from the SLIC Yard off of FOB Fenty by presenting fraudulent TMRs at the departure checkpoint.

All in violation of Title 18, United States Code, Section 371, and Title 18, United States Code, Section 3238.

## Count 2 – Bribery (18 U.S.C. § 201(b)(2)(B),(C)

9.    Paragraphs 1-3 are hereby re-alleged and incorporated by reference as though set forth in full in Count Two.

10.    From in our about December 2011 until in or about February 2012, outside the jurisdiction of any particular

district defendant Sergeant First Class MARVIN LEON WARE, a public official, did knowingly and unlawfully, directly and indirectly, corruptly demand, seek, receive, and accept money in return for being influenced to commit and aid in committing, and to collude in, and to allow any fraud on the United States; and in return for being induced to do and omit to do something in violation of his official duties; that is, SFC WARE did knowingly and unlawfully, directly and indirectly, corruptly demand, seek, receive, and accept money in return for facilitating the theft of JP8 jet fuel from FOB Fenty.

All in violation of Title 18, United States Code, Section 201(b)(2)(B) and (C), and Title 18, United States Code, Section 3238.

## Count 3 - Money Laundering (18 U.S.C. § 1956(a)(2)(B)(i))

11.   Paragraphs 1-3 are hereby re-alleged and incorporated by reference as though set forth in full in Count Three.

12.   On or about February 1, 2012, defendant Sergeant First Class MARVIN LEON WARE did knowingly transmit and transfer and attempt to transmit and transfer funds, namely $25,000 in cash, to a place in the United States, namely Wahiawa, Hawai'i, from a place outside the United States, namely, FOB Fenty, Jalalabad, Afghanistan, knowing that the funds involved in the transmission and transfer represented the proceeds of some form of unlawful activity, namely bribery of a public official, and knowing that such transmission and transfer was designed in whole or in part to conceal or disguise the nature, the location, the source, the

ownership, and the control of the proceeds of such specified unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

### Count 4 - Theft of Government Property (18 U.S.C. § 641)

13.   Paragraphs 1-3 are hereby re-alleged and incorporated by reference as though set forth in full in Count Four.

14.   From in our about December 2011 until in or about February 2012, outside the jurisdiction of any particular district, defendant Sergeant First Class MARVIN LEON WARE, did knowingly embezzle, steal, and purloin, and knowingly convert to his use and the use of others a thing of value, namely jet fuel, owned by the United States and a department or agency thereof, at FOB Fenty, Jalalabad, Afghanistan, which in the aggregate was valued at more than $1,000.

All in violation of Title 18, United States Code, Section 641 and Title 18, United States Code, Section 3238.

### FORFEITURE ALLEGATIONS

15.   The allegations set forth in Paragraphs 1-3 and in Counts 1 2, and 4 of this Indictment are hereby re-alleged and incorporated by reference as though set forth for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

8

16.    Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the above-named defendant, SFC MARVIN LEON WARE, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c), including but not limited to all property, real or personal, which constitutes or is derived from proceeds traceable to any conspiracy to commit bribery or bribery, as alleged in Counts one and Two of this Indictment.

All pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

DATED:  May 20, 2015, at Honolulu, Hawaii.

A TRUE BILL:

/s/ Foreperson
Foreperson

FLORENCE NAKAKUNI
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR.
Chief, Fraud & Financial Crimes

KENNETH M. SORENSON
Assistant U.S. Attorney

MARK W. PLETCHER
Special Assistant U.S. Attorney

CR15 00327 LEK

9